UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>David Brandon IBARRA,<br><br>        Defendant. | Magistrate Case No. '21 MJ2519<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C. Sec. 1324(a)(2)(B)(iii)<br>Bringing in Unlawful Alien(s)<br>Without Presentation |

The undersigned complainant, being duly sworn, states:

On or about June 22, 2021, within the Southern District of California, Defendant, David Brandon IBARRA, with the intent to violate the immigration laws of the United States, knowingly and in reckless disregard of the fact that aliens, namely, Nicol Ramirez LEO-Matias and W.A.A., had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Carlo E. Nazareno, Task Force Officer
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on June 23, 2021.

_____
MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that Nicol Ramirez LEO-Matias and W.A.A. are citizens of a country other than the United States; it's determined that they are deportable; that their testimony is material, that it is impractical to secure their attendance at trial by subpoena and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On June 22, 2021, at approximately 5:19 P.M., David Brandon IBARRA (Defendant), applied for admission into the United States from Mexico at the Otay Mesa, California Port of Entry as the driver of a 1993 Chevrolet Silverado bearing California license plates. Upon inspection before United States Customs and Border Protection (CBP) Officer, Defendant presented his California driver license, stated he is a US citizen and was going to Victorville, California. CBP Officer received a computer-generated alert and referred Defendant and the vehicle to secondary for further inspection.

In secondary, Defendant drove the vehicle through the Z-portal (x-ray machine) and CBP Officer noticed an anomaly in the rear seat of the vehicle. The CBP Officer conducted an inspection and discovered a human hand tapping the floor seeking for help. The individual was on the floor behind the rear seat of the vehicle.

CBP Officers responded and heard wheezing sounds from the passenger door. The Officer reached underneath the seat and felt a person sweating profusely. He attempted to poke the individual but was unresponsive. The CBP Officers were later able to unsecure the backrest and gain access to the rear area; they discovered another male individual on top of the other person. The Officer assisted the first individual out of the rear area and another Officer rendered aid. This individual was later identified as W.A.A., determined to be a citizen of Mexico. The other male laying on the floor continued ot make wheezing sounds and was unresponsive. The CBP Officer grabbed him by the belt and slid him sideways to get him out of the vehicle. The Officer noticed what appeared to be second degree burns on that individual's backside. This individual was later identified as Nicol Ramirez LEO-Matias, determined to be a citizen of Guatemala. They are now held as Material Witnesses.

CBP Officers continued to render aid until Emergency Medical Responders arrived to transport both individuals to the hospital for further care.

At approximately 9:00 PM, Defendant was advised of his Miranda rights and elected to make statements without benefit of counsel. He admitted an individual concealed in the vehicle he was driving made a sound and requested assistance from him as he pulled up to the primary inspection booth and Defendant did not tell the Officer while being inspected. It was not identified which individual he was referring to. Defendant stated he drove the vehicle through the x-ray machine, and it wasn't until another Officer discovered the individual, that he mentioned the individual was concealed in the vehicle. Defendant denied receiving any monetary payment for the smuggling act.

Ramirez-Leo suffered serious bodily injury, including severe burns to his backside and carbon monoxide inhalation. Ramirez-Leo was admitted to the hospital for treatment. W.A.A. was also admitted for possible dehydration and further evaluation.